**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2374-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JASON L. RISLEY, a/k/a
JASON LEE RISLEY, JAY L. RISELY,
JAY L. RISLEY, and JASON RISELEY,

    Defendant-Appellant.

_____

Submitted February 28, 2018 — Decided June 12, 2018

Before Judges Alvarez and Nugent.

On appeal from Superior Court of New Jersey, Law Division, Cape May County, Indictment Nos. 12-02-0111 and 12-12-0852.

Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

Jeffery H. Sutherland, Cape May County Prosecutor, attorney for respondent (Gretchen A. Pickering, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jason L. Risley appeals from the November 15, 2016 Law Division order denying his petition for post-conviction relief (PCR). We affirm.

Defendant's four pending indictments were resolved by way of plea agreement. Indictment No. 12-02-0111 charged him with third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1); Indictment No. 12-03-0188 charged him with two counts of third-degree possession of CDS, N.J.S.A. 2C:35-10(a)(1); Indictment No. 12-09-0578 charged him with fourth-degree shoplifting, N.J.S.A. 2C:20-11(b)(2), and fourth-degree conspiracy, N.J.S.A. 2C:5-2; finally, Indictment No. 12-12-0852 charged him and a co-defendant, George R. Furey (co-defendant), with third-degree burglary, N.J.S.A. 2C:18-2 and third-degree conspiracy, N.J.S.A. 2C:18-2 and N.J.S.A. 2C:5-2. The remaining counts of Indictment No. 12-12-0852 charged Monique M. Kelly with related crimes.

Defendant agreed to enter a guilty plea to one count of third-degree drug possession, Indictment No. 12-02-0111, and third-degree burglary, Indictment No. 12-12-0852. In exchange, the State would recommend a five-year sentence on the possession charge and a consecutive five-year term on the burglary offense. Defendant was sentenced in accordance with the agreement on March 21, 2013. The State then dismissed Indictment Nos. 12-03-0188 and

12-09-0578 in their entirety, and the remaining counts of Indictment No. 12-12-0852 as they related to this defendant. Defendant did not file a direct appeal.

On January 16, 2013, while defendant was in custody on the charges, the Cape May County Sheriff's Department investigated an incident in which defendant allegedly assaulted Thomas Furey (Furey), the brother of defendant's co-defendant. According to the document presented to the trial judge during argument on defendant's PCR petition, the dispute related to a third man's relationship with a woman who had previously been involved with Furey. A subsequent special report stated that Furey may have misrepresented the incident in order to be moved to a different area of the county jail. The report also noted that defendant "did not have any marks at all on his person."

When defendant entered his guilty plea a week later on January 24, 2013, he did not mention the assault. During the colloquy, defendant's attorney explained to the judge the terms of the agreement set forth on the written plea form, including the imposition of two consecutive five-year terms of imprisonment. The judge asked defendant to explain the recommended sentence. Defendant responded, "[f]ive years, consecutive five years."

Defendant filed his petition for PCR on July 1, 2016. In his initial submissions, defendant contended that trial counsel had

been ineffective because he represented the co-defendant's brother, Furey, and disclosed defendant's cooperation with the authorities to him. Because of the disclosure, defendant argued, the co-defendant obtained a better offer and sentence.[1]

At oral argument, however, defendant contended that his attorney's disclosures to Furey created such a hostile environment in the county jail that he was assaulted, which coerced him into pleading guilty so that he could be quickly transferred to state prison for his own safety. Defendant also alleged that his attorney assured him that he would receive five years concurrent—not consecutive—on the two offenses, despite the recommendation set forth on the plea form and reviewed by the judge on the record. Defendant further asserted that counsel had been ineffective because of his failure to investigate witnesses, including the burglary victims' daughter, who he claimed arranged the burglary.

The judge found defendant's proofs so lacking in merit that no prima facie case was established, and thus denied an evidentiary hearing. Now on appeal, defendant alleges the following:

---

[1] Allegedly, the co-defendant was sentenced to only a three-year term of imprisonment, although no documentation has been provided corroborating that information or the co-defendant's criminal history.

POINT ONE:  THE TRIAL COURT ERRED IN DENYING
DEFENDANT'S MOTION FOR POST-CONVICTION RELIEF
WITHOUT AFFORDING DEFENDANT AN EVIDENTIARY
HEARING

A.   The Conflict of Interest Issue
B.   Misinformation From Plea Counsel
C.   Failure to Communicate and Investigate
D.   Ineffective Assistance at Sentencing

We find no merit to these arguments.  R. 2:11-3(e)(2).

In order to obtain relief based on ineffective assistance grounds, defendant is required to show not only that counsel's performance was deficient, but that the deficiency prejudiced his right to a fair trial.  Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987).

Defendant not only failed to establish that counsel's assistance was not within the range of competence expected of attorneys representing clients in criminal matters, but he has failed to establish that "there is a reasonable probability that, but for counsel's errors, [defendant] would not have pled guilty and would have insisted on going to trial."  State v. DiFrisco, 137 N.J. 434, 457 (1994) (citations omitted).  The alleged deficiencies here are not even supported by the record.

It is also well-established that a claim for ineffective assistance of counsel requires more than bare allegations.  State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).  A prima facie showing requires a demonstration of reasonable likelihood

of success.  See State v. Preciose, 129 N.J. 451, 462-63 (1992).  Such proofs are woefully lacking in this case.

Defendant provides absolutely no support, other than his shifting narrative, to anchor his claim of conflict of interest. If defendant's attorney had disclosed information to Furey that negatively affected defendant's status at the county jail, or enabled his co-defendant to negotiate a more favorable deal, it does not make sense that a few days later defendant would have entered a guilty plea with counsel's assistance and without mentioning his suspicion that his lawyer had betrayed a confidence. Defendant was asked a comprehensive series of questions by the trial judge to establish the knowing, voluntary, and intelligent waiver of his right to a trial.  No one submitted a certification supporting this rather serious allegation against the attorney. Similarly, the record belies defendant's claim that despite the plea form he signed, the judge's explanation as well as that of his attorney, and his own on-the-record acknowledgment, he would nonetheless be sentenced concurrently.

Defendant argues that the victims' daughter was the one who "set up" the burglary.  The argument ignores the fact that even if true, defendant is still guilty of burglary.  His factual basis met every necessary statutory element.

A-2374-16T1

For the first time on appeal, defendant raises the argument that because counsel made no statements seeking a reduced sentence during the sentence hearing, counsel was ineffective. Having failed to make that point to the trial court, we will discount it unless it asserts an error clearly capable of producing an unjust result. See R. 2:10-2.

The judgment of conviction reflects the judge's finding that defendant, who was then thirty years old, had no history of stable employment, was adjudicated delinquent eleven times, was convicted of six disorderly persons offenses, and was convicted of indictable crimes on seven occasions. Additionally, defendant "has violated probation on multiple occasions." The information, together with defendant's several indictments on this occasion, leads inescapably to the conclusion that there was no evidence in the record that would have supported any mitigating factor. Counsel is not ineffective for failing to make arguments that would not have been credited by the sentencing judge.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2374-16T1